FILED
IN CLERKS OFFICE

2024 JUL 30 PM 3: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss  SUPERIOR COURT
BUSINESS LITIGATION SESSION

| | |
|---|---|
| HONEY DEW ASSOCIATES, INC, et. al. ) | |
| ) | |
| *Plaintiffs, Defendants-in-Counterclaims* ) ) ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2284-CV-01901 |
| ) | |
| LEIGH HOLDINGS, LLC, et. al. ) ) | |
| ) | |
| *Defendants, Plaintiff-in Counterclaims* ) ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HONEY DEW ASSOCIATES, INC, et. al. ) ) | |
| *Plaintiff, Defendants-In-Counterclaims* ) ) ) | |
| ) | |
| v.  ) ) ) ) ) | _____ |
| LEIGH HOLDINGS, LLC, et. al. ) ) | |
| Defendants, PLAINTIFFS IN COUNTERCLAIMS ) | |

## NOTICE OF REMOVAL AND MOTION TO REMOVE THE REFERENCE TO THE UNITED STATES DISTRICT COURT

**COMES NOW**, Defendant and Plaintiff-in-Counterclaim, by Debtor-in-Possession Richard Seth Tannenbaum ("**Debtor**" and "**DIP**" and "**Defendant**") hereby remove the above-captioned civil action from the Suffolk Superior Court, Commonwealth of Massachusetts, to the

United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1334, 1452(a), and Bankruptcy Rule 9027 and 5011.

## Background

1. This dispute arises from alleged fraud by Plaintiffs Honey Dew Associates, Inc., BRI, Inc., Bowen Investments, Inc., Honey Dew Operations, Inc., and Richard Bowen (collectively **"Honey Dew Donuts"**) in the sale of a Honey Dew Donuts franchise to Defendants.

2. On August 19, 2022, Plaintiffs filed a civil action against Defendants and Debtor in the Suffolk Superior Court, styled *Honey Dew Associates, Inc., et al. v. Leigh Holdings, LLC, et al.*, Docket No. 2284-CV-01901-BLS1 (the **"State Court Action"**).

3. Defendant Richard Seth Tannenbaum, a citizen of Florida, is a debtor in a Chapter 11 Subchapter V Reorganization currently pending in the United States Bankruptcy Court for the Middle District of Florida, Case No. 8:24-bk-02507 (the **"Reorganization"**), filed on May 1, 2024.

4. Plaintiffs Honey Dew Donuts are citizens of Massachusetts. Defendant Leigh Holdings, LLC, and OBG Opco, LLC are citizen of Florida and its sole member is Richard Seth Tannenbaum, a citizen of Florida. Defendant Samantha Leigh Ory is a citizen of New York.

5. The case before the Court is based on Honey Dew Donuts and President Richard Bowen, by and through his staff and agents, providing falsely audited and *forged* financials to fraudulently induce the Plaintiffs-in-Counterclaims and Defendants into a purchase of a Honey Dew Donuts Franchise. This act violated the franchise rule, requiring franchisors like Honey Dew Donuts to have audited financial statements. *16 CFR 436.5(u)(1)*. *16 CFR 436.2* defines falsely

auditing financial statement as an unfair and deceptive practice for a franchisor. Honey Dew Donuts' is currently being sued by several current and previous franchisees for the same practice.[1]

6. On June 25, 2024, U.S. Bankruptcy Court for the Middle District of Florida remanded the case filed as *Honeydew Associates, Inc et al v. Leigh Holdings, LLC et al* 8:24-ap-00153-RCT (the "**Adversarial Proceeding**"), over Defendant's objection back to Business Litigation Section of the Suffolk County Superior Court. on permissive abstention grounds, before Honey Dew Donuts filed a proof of claim [See 8:24-bk-02507 Claims Nos. 7, 8, 9, 10, 11].

7. On July 7, 2024, Honey Dew Donuts filed Claim No. 7, 8, 9, 10, 11, asserting a general unsecured claim totaling an estimated $5.45 millions (the "**Honey Dew Donuts Claim**"). The Honey Dew Donuts Claim asserts $1,300,000 in estimated costs, as well as an additional $3,600,000 in "treble damages" due to alleged breach of contract, MGL 93a Section 11, and misrepresentation and additional attorney fees.

8. On July 24, 2023, the Debtor filed as *Omnibus Objection to Claim(s). Claims No. 7, 8, 9, 10, 10, 11 of Honey Dew Donuts* [8:24-bk-02507 Doc. No. 73] ("**Honey Dew Donuts Objection**"), which seeks disallowance of the claim in its entirety. The Debtor incorporates by reference the facts and arguments articulated in the Honey Dew Donuts Objection[2].

---

[1] *See Goldman et al v Honey Dew Associates, Inc Norfolk Superior Court Civil Action N. 2482CV00149, Plaintiff's State Court counsel is also cited for providing the false financials to induce other franchisees to purchase a franchise.*

[2] *Debtor also incorporates the rules of federal bankruptcy procedures and federal rule of civil procedure to the maximum extent allowable and to request additional procedures as needed as may be acceptable to the Court.*

3

**GROUNDS FOR REMOVAL**

9. Removal is proper under 28 U.S.C. § 1452(a) because this is a civil action related to the DIP's pending bankruptcy case. The claims and counterclaims are property of the bankruptcy estate under 11 U.S.C. § 541(a)(1).

10. This Court has original jurisdiction under 28 U.S.C. §§ 1334(b) and 1452(a). The State Court Action is at least a non-core "related to" proceeding under 28 U.S.C. § 157(c)(1).

11. Removal is also appropriate under 28 U.S.C. §§ 1331, 1332, and 1443 based on federal question, diversity, and civil rights grounds arising from Defendants' counterclaims.

12. Centralized adjudication in federal court is crucial to protect the bankruptcy estate, avoid inconsistent rulings, promote judicial economy, and safeguard the interests of the bankruptcy estate and creditors. The State Court Action has a direct and substantial impact on the Debtor-in-Possession's bankruptcy estate and the rights of creditors. The Court is best positioned to adjudicate the claims and counterclaims in a manner that protects the interests of all parties, including creditors, and ensures the efficient administration of the bankruptcy estate. Allowing the State Court Action to proceed separately from the Reorganization risks inconsistent rulings and duplicative litigation, which could undermine the efficient administration of the DIP's Reorganization. Removal to the Court is necessary to ensure consistent and centralized adjudication of the disputes, avoiding the potential for conflicting decisions and promoting judicial economy. The Court has extensive expertise in managing complex disputes involving litigants, debtors, creditors, and bankruptcy estates, making the Court well-suited to adjudicate the State Court Action efficiently and fairly. Due to a conflict of interest that will require recusal of the State Court Judge, the matter can be timelier adjudicated in this Court.

13. The State Court Action involves federal questions under 28 U.S.C. § 1331, as Debtor alleges violations of his constitutional rights under the First, Fifth, Seventh, and Fourteenth Amendments since representation of the Defendants is prevented by Massachusetts state law Massachusetts G.L. c. 221, § 46, which requires Limited Liability Companies, like OBG Opco, LLC and Leigh Holdings, LLC, (both of which are part of the DIP's estate) to be represented by an Attorney, providing further independent grounds for removal jurisdiction under 28 U.S.C. § 1443(1). Removal is proper under 28 U.S.C. § 1452(a), which specifically allows removal of claims related to Reorganizations. The filing of a bankruptcy petition created the bankruptcy estate that includes all legal or equitable interests of the DIP's property as of the commencement of the case, including any causes of action belonging to the DIP 11 U.S.C. § 541(a)(1). Under 28 U.S.C. § 1334(e)(1), this Court has exclusive jurisdiction over property of the DIP and property of the bankruptcy estate.

14. The parties also could have been removed under diversity requirements under 28 U.S. Code § 1332, with an amount in controversy greater than $75,000, no forum defendant, and complete diversity of the parties.

## GROUNDS FOR WITHDRAWING THE REFERENCE

15. Withdrawal of the reference to the District Court under 28 U.S.C. § 157(d) is mandatory because this action requires significant interpretation of the RICO statute and other non-bankruptcy federal laws including issues of interstate commerce. Plaintiff has been providing knowingly false financial information in the context of a federally regulated franchising business under 16 CFR 436.1(j), requiring audited financial statements (See 16 CFR 436.5(u)(1)), and defines such failure as deceptive and unfair (See 16 CFR 436.2(a)). *In re Apex Express Corp.*, 190

F.3d 624 (4th Cir. 1999) and In re Bay Area Reg'l Med. Ctr., Nos. 19-70013, 19-7010, 2019 Bankr. LEXIS 4202, at 5-6 (Bankr. S.D. Tex. Dec. 18, 2019) support mandatory withdrawal when resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. The interpretation and application of the FTC Franchise Rule and other federal laws governing franchise sales and disclosures will be central to the resolution of the claims and counterclaims, necessitating withdrawal of the reference for the District Court to properly address these significant federal issues.

16. Additionally, withdrawing the reference involving Defendants' dispositive counterclaims is prudent under the factors in *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095 (2d Cir. 1993):

   a) These counterclaims require substantial and material consideration of non-bankruptcy federal statutes and state laws unbundled from the bankruptcy case;

   b) Withdrawing the reference promotes judicial economy and uniform administration by avoiding duplicative proceedings if appealed;

   c) This Court is better suited than the Bankruptcy Court to handle the complex RICO, fraud, and jury issues likely to arise; and

   d) Withdrawing the reference will not unduly delay the bankruptcy case but provide greater procedural certainty on the estate's claims.

## **PROCEDURAL REQUIREMENTS**

17. DIP will promptly file a copy of this Notice of Removal with the clerk of the Suffolk Superior Court and serve a copy on counsel for all adverse parties as required by Bankruptcy Rule 9027(c).

18. The interest of justice and convenience of the parties strongly favors adjudication of the State Court Action by this Court.

19. Withdrawal of the reference to the District Court is warranted to promote the efficient and economical administration of the bankruptcy estate and protect the interests of all parties. The District Court is better equipped than the Bankruptcy Court to handle the complex legal issues and potential jury trial demands that may arise from the State Court Action. Withdrawing the reference will not unduly delay the bankruptcy proceedings or adversely impact creditors' rights. Instead, the District Court's adjudication will provide greater certainty and finality, ultimately benefiting the estate and creditors. Transferring the case to the District Court promotes judicial economy and efficiency by ensuring consistent rulings and avoiding duplicative litigation or conflicting decisions between courts. The District Court's expertise and resources make it better suited than the Bankruptcy Court to handle the complex legal questions and potential jury trial demands presented by the State Court Action and related counterclaims.

20. The State Court Action involves claims and counterclaims that substantially affect interstate commerce, providing further grounds for removal and withdrawal of the reference. The alleged fraud and RICO violations by Honey Dew Donuts, a Massachusetts-based franchisor, against out-of-state franchisees like the Defendants, directly implicate interstate commerce. The sale of franchises across state lines, the flow of funds and commerce between the franchisor and franchisees, and the national scope of the alleged fraudulent scheme all demonstrate the significant

impact on interstate commerce. The resolution of these claims requires the interpretation and application of federal laws regulating activities affecting interstate commerce, such as the Federal Trade Commission's Franchise Rule (16 CFR Part 436), which mandates certain disclosures and prohibits fraudulent practices in the sale of franchises. The presence of substantial federal questions, including RICO claims and the interpretation of federal laws affecting interstate commerce, makes withdrawal of the reference mandatory under 28 U.S.C. § 157(d). The complex nature of the RICO claims, which involve allegations of a pattern of racketeering activity across multiple states and franchisees, further supports the need for withdrawal of the reference to ensure proper adjudication by the District Court. Withdrawing the reference is essential to ensure the uniform interpretation and application of federal laws affecting interstate commerce, as the District Court is better equipped than the Bankruptcy Court to handle these complex federal questions consistently and in accordance with applicable precedent. The interpretation and application of these laws by the District Court is crucial to properly adjudicate the disputes affecting interstate commerce.

21. The diversity of the parties involved in the State Court Action further supports removal and withdrawal of the reference:

   a) Plaintiffs Honey Dew Associates, Inc., BRI, Inc., and Honey Dew Operations, Inc., Bowen Investments, Inc. are citizens of Massachusetts.

   b) Defendant Richard Seth Tannenbaum is a citizen of Florida, and sole owner of Defendants Leigh Holdings, LLC and OBG Opco, LLC, who are Massachusetts and Delaware limited liability companies with their principal places of business in Tampa, Florida.

   c) Defendant Samantha Leigh Ory is a citizen of New York.

    d) This complete diversity of citizenship between the parties, along with the amount in controversy exceeding $75,000, provides an additional basis for removal under 28 U.S.C. § 1332(a).

22. The sale of franchises across state lines, involving parties from Florida, Massachusetts, and Delaware, raises potential issues related to securities regulations and the interstate sale of securities. Franchises, depending on their structure and the manner in which frachises are sold, may be considered securities under federal and state securities laws. The alleged fraudulent sale of franchises by Honey Dew Donuts to out-of-state franchisees like the Defendants may implicate federal securities regulations, particularly if the franchises are deemed to be investment contracts or securities. The interstate nature of these franchise sales, involving parties from multiple states, further underscores the potential impact on securities regulations and the need for consistent interpretation and application of these laws. The resolution of claims involving the interstate sale of franchises and potential securities law implications requires the interpretation and application of complex federal securities regulations, further supporting mandatory withdrawal of the reference under 28 U.S.C. § 157(d). The District Court's expertise in handling securities law matters and its authority to interpret and apply federal securities regulations consistently across state lines make it the appropriate forum to adjudicate these disputes, ensuring the uniform application of the law and protecting the interests of all parties involved. The potential impact on securities regulations and the need for consistent interpretation of federal securities laws across multiple states further demonstrate the substantial effect on interstate commerce and the necessity of withdrawing the reference to the District Court.

23. The State Court Action involves claims and defenses that are inextricably intertwined with the Debtor's bankruptcy case, making removal and withdrawal of the reference

necessary to ensure the efficient and consistent resolution of all related disputes. The outcome of the State Court Action will have a direct and substantial impact on the assets available for distribution to creditors in the bankruptcy case, as well as the validity and priority of claims against the estate. The Debtor's current and pending counterclaims, and Defenses in the State Court Action, including those for fraud and RICO violations, are closely tied to the Debtor's objections to Honey Dew Donuts' claim in the bankruptcy case, and the resolution of these matters will directly affect the administration of the estate. Centralized adjudication of the State Court Action and the related bankruptcy proceedings in the District Court will ensure a comprehensive and consistent resolution of all disputes, avoiding piecemeal litigation and the risk of conflicting rulings. The District Court's jurisdiction over the removed action is proper under 28 U.S.C. § 1334(b), which grants district courts original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11. The State Court Action is "related to" the Debtor's bankruptcy case, as the outcome of the litigation could have a conceivable effect on the estate being administered in bankruptcy, subject to the limitations set forth in applicable case law. The close nexus between the claims and counterclaims in the State Court Action and the Debtor's bankruptcy case supports the exercise of "related to" jurisdiction by the District Court and the withdrawal of the reference for cause under 28 U.S.C. § 157(d), considering the nature of the claims, the need for efficient administration, and the potential constitutional limitations on the bankruptcy court's authority to enter final judgments on certain matters.

24. The Debtor's right to a jury trial on certain claims and counterclaims in the State Court Action, as preserved by the Seventh Amendment, further supports withdrawal of the reference to the District Court, as bankruptcy courts are not authorized to conduct jury trials absent the express consent of all parties. The District Court's greater familiarity with the Federal Rules of

Civil Procedure and the Federal Rules of Evidence, as compared to the more specialized rules applicable in bankruptcy court, will ensure a more efficient and effective adjudication of the complex legal and factual issues presented in the State Court Action. In the alternative, even if the Court determines that withdrawal of the reference is not mandatory under 28 U.S.C. § 157(d), permissive withdrawal is still warranted under the factors set forth in *In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993), including the efficient use of judicial resources, the delay and costs to the parties, the uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand.

25. In summary, the close nexus between the State Court Action and the Debtor's bankruptcy case, the need for centralized and consistent adjudication of all related disputes, the Debtor's right to a jury trial, and the District Court's greater familiarity with applicable federal rules and procedures all weigh heavily in favor of removal and withdrawal of the reference. The District Court is the most appropriate forum to ensure the fair, efficient, and comprehensive resolution of these complex and interrelated matters.

**WHEREFORE**, Defendants respectfully request that the Court: (1) grant the Notice of Removal; (2) withdraw the reference from the Bankruptcy Court; (3) retain jurisdiction over this action; and (4) grant any further relief deemed proper.

**RESPECTFULLY SUBMITTED** this Tuesday, July 30, 2024

        **Richard Seth Tannenbaum**

        By himself,

        _/s/ Richard Seth Tannenbaum_

        Richard Seth Tannenbaum
        *Pro Se DIP*[3]
        401 N ASHLEY DR #173254
        TAMPA, FL 33602-4301
        T: (813) 308-9273
        Email:
        rtannenbaum@ouroborosgroupllc.com

### Verification

I, Richard Seth Tannenbaum, as the Debtor-in-Possession, hereby state under penalty of perjury that I have read the foregoing and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

        _/s/ Richard Seth Tannenbaum_

---

[3] Not admitted to practice in any jurisdiction.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on Tuesday, July 30, 2024, I delivered the foregoing document to the Clerk of the Court of the United States District Court of Massachusetts. Also,

**I HEREBY CERTIFY** that on Tuesday, July 30, 2024, I mailed the forgoing via first class mail to Superior Court Clerk of the Court Additionally,

**I HEREBY CERTIFY** that on Tuesday, July 30, 2024, I sent this forging via email (with mail service waived) to:

Jason Morgan, Esq.
Nelson Mullins Riley and Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 0211
jason.morgan@nelsonmullins.com

Doug Boooks, Esq.
Sarah Milkovich, Esq.
Libby Hoopes Brooks and Mulvey, PC
260 Franklin St Boston, MA 02110
dbrooks@lhbmlegal.com

**I HEREBY CERTIFY** that on Tuesday, July 30, 2024, I sent this forgoing via first-class mail postage prepaid to:

Jack Mikels, Esq
Joanne D'Alcomo Esq.
Jack Mikels and Associates, LLP
1 Batterymarch Park
Suite 309
Quincy, MA 02169

_____
Richard Seth Tannenbaum

13