COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT DEPARTMENT
                                                          OF THE TRIAL COURT

|  |  |
|---|---|
| HONEYDEW ASSOCIATES, INC. et. al, | ) |
| Plaintiffs/Defendants-in-Counterclaims, | ) |
| v. | ) Civil Action No. 2284cv01901-BLS1 |
| LEIGH HOLDINGS, LLC d/b/a OUROBOROS GROUP et. al, | ) |
| Defendants/Plaintiffs-in-Counterclaims. | ) |
| v. | ) |
| CITIZENS BANK OF MASSACHUSETTS, ROCKLAND TRUST BANK, and SANTANDER BANK, NA, | ) |
| Trustee Process/Defendants-in-Counterclaim | ) |

**MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT'S
<u>FIRST COUNTERCLAIM</u>**

Defendants move, pursuant to Rules 15(a) and 15(d) of the Massachusetts Rules of Civil Procedure, to add, amend, and supplement their counterclaim. A proposed first counterclaim is attached.

Among other things, the first counterclaim supplements the allegations and claims in the OBG OpCo, LLC's counterclaims by adding new key facts gleaned from discovery and events in the case.

Although Massachusetts Rule of Civil Procedure 15(a) requires leave of court for an amendment to the counterclaim after a counterclaim has been amended as a matter of right, it also provides that "leave shall be freely given when justice so requires." The case law

interpreting this rule is even more direct, stating that "leave should be granted unless there are good reasons for denying the motion." *Goulet v. Whitin Mach. Works, Inc.*, 399 Mass. 547, 549 (1987). None of the "good reasons" for denial typically cited in the governing case law is applicable here, that is, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment." *Mathis .v Mass. Elec. Co,.* 409 Mass. 256, 264 (1991)(upholding denial of motion to amend complaint because, inter alia, plaintiffs waited four years after filing complaint before seeking leave to amend and failed to provide explanation for delay)(citing and quoting *Castellucci v. United States Fidelity & Guar. Co.*, 372 Mass. 288, 290 (1977)).

For these reasons, Defendants request that leave to file the proposed Second Amended and Supplemented Complaint be granted.

**WHEREFORE**, Plaintiff-in-Counterclaims respectfully requests that the Court:

a. Defendant request that leave to file the proposed First Counterclaim be granted; and

b. Any other relief this Court deems just and proper.

Submitted Respectfully,

**Richard Seth Tannenbaum**

/s/ Richard Seth Tannenbaum[1]
Richard Tannenbaum
*Pro Se*
401 N Ashley Dr #173254

---

[1] Not licensed in any jurisdiction

*Honey Dew Assoc's, Inc., et al. v. Leigh Holdings, LLC, et al.*

Friday, July 26, 2024

Tampa, FL 33629
Email:
rtannenbaum@ouroborosgroupllc.com

## CERTIFICATE OF SERVICE

I, Richard Seth Tannenbaum, hereby certify that on Friday, July 26, 2024, I caused a true and correct copy of the foregoing document to be served on counsel of record. I also emailed Counsel via email for conference by telephone for a 9c conference.

/s/ Richard Tannenbaum

## CERTIFICATION UNDER SUPERIOR COURT RULE 9A

I, Richard Tannenbaum, hereby certify that Friday, July 26, 2024, I reached out to Plaintiffs' counsel regarding a 9C conference to settle the disagreement on this Motion, even though the rules do not require one, since this is not a discovery motion or dispositive motion, and will file any opposition if one is served under the time allotted or certify the same.

/s/ Richard Tannenbaum

Richard Tannenbaum