UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Honey Dew Associates, Inc., et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:24-cv-11974-IT |
| Leigh Holdings, LLC, et al., | * | |
| Respondents. | * | |

ORDER TO SHOW CAUSE

August 23, 2024

TALWANI, D.J.

On July 30, 2024, Defendant Richard Seth Tannenbaum filed a Notice of Removal [Doc. No. 1] in this court seeking to remove the present case from the Suffolk County Superior Court. Defendant seeks removal pursuant to 28 U.S.C. §§ 1331, 1332, 1334, and 1452(a), and Federal Rules of Bankruptcy Procedure 9027 and 5011. A notice of removal must be accompanied by "a copy of all process, pleadings, and orders" in the action sought to be removed. See 18 U.S.C. § 1446(a); see also Fed. R. Bankr. P. 9027(a)(1) (notice of removal must "be accompanied by a copy of all process and pleadings"). Defendant's notice of removal is not accompanied by copies of such process and pleadings, and accordingly, fails to satisfy this requirement.

Defendant also has not demonstrated that removal is permitted under any of the various removal statutes cited. See, e.g., 28 U.S.C. § 1446(b) (notice of removal under 28 U.S.C. § 1441 must generally be filed within thirty days of service); id. § 1446(b)(2)(A) (all defendants must consent to removal under 28 U.S.C. § 1441(a)); id. § 1443 (removal in civil rights cases must be based on denial of rights under law "providing for the equal civil rights of citizens of the United States").

If Defendant believes remand for the above reasons is unwarranted, he shall file by no later than September 13, 2024, a response to this order stating a proper basis for removal and including the process and pleadings from the removed case.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

August 23, 2024