IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HONEY DEW ASSOCIATES, INC., et al.,<br>　　Plaintiffs<br><br>v.<br><br>LEIGH HOLDINGS, LLC, et al.,<br>　　Defendants | )<br>)<br>)<br>)<br>)　　1:24-CV-11974-IT<br>)<br>)<br>)<br>) |

PLAINTIFFS' MOTION FOR REMAND

Pursuant to 28 U.S. Code § 1447(c) and the inherent power of the Court, Plaintiffs move this Court for an order remanding this action to Suffolk Superior Court in Massachusetts, from which the Defendant Richard Tannenbaum ("Tannenbaum") has now removed this action – filed more than two years ago on August 19, 2022 --<u>for the second time in the past few months</u>. The two removals represent a tactic employed by Tannenbaum to disrupt the evidentiary hearing that was underway in Suffolk Superior Court on sanctions motions brought by Plaintiffs against him and two Defendant entities he owns and controls, Leigh Holdings, LLC and OBG OpCo, LLC for fraud on the court, violation of court orders and spoliation. As will be shown below, the removal to this Court by Tannenbaum, a graduate of Suffolk University School of Law, was improper and lacks any objectively reasonable basis.

　　The grounds for Plaintiffs' motion are set forth below.

1. This action ("State Court Action") was filed in Suffolk Superior Court on August 19, 2022. *See* state court docket attached as Exhibit 1("Ex. 1").[1].

---

[1] Exhibits attached to this motion are referenced as "Ex. _", with numbers.

1

2. Tannenbaum was served, as shown on the filed Proof of Service, on September 15, 2022. *See* Proof of Service, Ex. 2; State Court Docket, Ex. 1 at Dkt. Entry 10.

3. As of May 1, 2024, there were four sanctions motions pending against Tannenbaum and the two Defendant entities he owns and controls, Leigh Holdings, LLC and OBG OpCo, LLC, for fraud on the court, violation of court orders and spoliation. The second day of an evidentiary hearing on sanctions motions against Tannenbaum and Leigh Holdings, LLC and OBG OpCo, LLC was set to resume on May 2, 2024, with Tannenbaum scheduled to take the stand for examination by Plaintiffs.

4. Late in the afternoon of May 1, 2024, Tannenbaum filed a petition under Chapter 11, Subchapter V, in Bankruptcy Court in the Middle District of Florida, Tampa Division. *See In re Richard Seth Tannenbaum*, Case No. 8:24-bk-02507-RCT (Bankr. M.D. Fla), online in ECF.

5. On May 2, 2024, Tannenbaum filed his first Notice of Removal directly with the Bankruptcy Court in the Middle District of Florida. *See* Ex. 3; *see also* Ex. 4, docket in Adversary Proceeding, *Honey Dew Associates, Inc. v. Leigh Holdings, LLC*, Adv. No. 8:24-ap-00153-RCT (M.D. Bankr. Fla.) related case in *In re Richard Seth Tannenbaum,* Case No. 8:24-bk-02507-RCT (Bankr. M.D. Fla) ("Adversary Proceeding Docket").

6. In the first Notice of Removal, Tannenbaum claimed that the bankruptcy court was "best positioned to adjudicate the claims and counterclaims," Ex. 3 at ¶16, and that removal "to the bankruptcy court is necessary to ensure consistent and centralized adjudication." *Id.* at ¶17.

7. On May 9, 2024, the Bankruptcy Court issued an order, *sua sponte*, for a show cause hearing directing Tannenbaum to show cause why an order should not be entered pursuant to 28 U.S.C.

§ 1334(c)(1) abstaining and remanding the State Court Action back to Suffolk County Superior Court. *See* Ex. 5, show cause order in Adversary Proceeding.

8. On May 20, 2024, Tannenbaum made a filing of 368 pages to the Bankruptcy Court opposing abstention and remand. *See* Adversary Proceeding Docket, Entry 17; *see* online ECF filing in Adversary Proceeding, Docket Item 17, *Honey Dew Associates, Inc. v. Leigh Holdings, LLC*, Adv. No. 8:24-ap-00153-RCT (M.D. Bankr. Fla.).

9. On June 10, 2024, Plaintiffs filed a memorandum in the Bankruptcy Court in support of abstention and remand of the State Action to Suffolk Superior Court. *See* Adversary Proceeding Docket, Entry 30; *see* online ECF filing in Adversary Proceeding, Docket Item 30, *Honey Dew Associates, Inc. v. Leigh Holdings, LLC*, Adv. No. 8:24-ap-00153-RCT (M.D. Bankr. Fla

10. On June 12, 2024, the Bankruptcy Court conducted the show cause hearing. *See* Hearing Memo, Ex. 6.

11. On June 25, 2024, the Bankruptcy Court issued an order abstaining and remanding the State Court Action to Suffolk Superior Court in Massachusetts. Ex. 7. The Bankruptcy Court also lifted the stay as applied to Tannenbaum for adjudication of the State Court Action but left the stay in place for execution of any judgment against Tannenbaum. *See id.*

12. On July 8, 2024, Tannenbaum filed a 115-page motion for reconsideration of the Bankruptcy Court's abstention and Remand Order. *See* Adversary Proceeding Docket, Ex. 4, Docket Entry 35. The next day, Tannenbaum filed an Amended Motion for reconsideration consisting of 118 pages. *See id.* at Docket Entry 36.

13. On July 9, 2024, the Bankruptcy Court issued an order denying the Amended Motion for Reconsideration of the abstention and remand order dated July 25, 2024. Ex. 8.

14. On July 30, 2024, even before correspondence from the Bankruptcy Court with the abstention and remand order was docketed by Suffolk Superior Court in the State Court Action – which did not occur until August 2, 2024, see State Court Docket, Ex. 1-- Tannenbaum filed a new, second Notice of Removal ("Second Notice of Removal"), this time with this Court. *See* Document No. 1. The new, Second Notice of Removal, filed 22 ½ months after Tannenbaum was served with the Complaint in the State Court Action, has no legal basis and seeks to sabotage the Bankruptcy Court's ruling on abstention and remand and thwart resumption of the evidentiary hearing in Suffolk Superior Court on sanctions motions against him and the two Defendant entities he owns and controls. In addition, in this Second Notice of Removal Tannenbaum sought to smear the Plaintiffs and falsely invoke federal jurisdiction by stating in the civil action cover sheet that the action is based in part on "RICO violation" when in fact there is not now and never has been a claim in the State Court Action under the Federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968. Moreover, Tannenbaum does not now, and never had, a counterclaim against the Plaintiffs in the State Court Action.

15. Additionally, Tannenbaum filed all documents in this court purportedly *pro se*, despite his having representation of counsel in the action he is attempting to remove and such counsel is a member of the bar of this Court. *See* Ex. 1 at 5 (identifying Attorney Jason Morgan, a member of the bar of the District of Massachusetts, as Tannenbaum's attorney).

Based on the facts and reasons set forth above, Plaintiffs request that this action be promptly remanded to Suffolk Superior Court in Massachusetts.

Respectfully Submitted,

PLAINTIFFS
By their Attorneys,

_____/s/ Joanne D'Alcomo_____
Jack J. Mikels, BBO# 345560
*jmikels@jackmikels.com*
Michael A. Wirtz, BBO# 636587
*mwirtz@jackmikels.com*
Joanne D'Alcomo, Of Counsel BBO # 544177
*jdalcomo@jackmikels.com*
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02169
Tel:  617.472.5600 / Fax: 617.472.5875


CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)


I hereby certify that I attempted to confer with Attorney Jason Morgan, attorney of record for Defendants Richard Tannenbaum, Leigh Holdings, LLC and OBG OpCo, LLC in the Suffolk Superior Court action to which the Notice of Removal at issue relates, but Attorney Morgan did not respond to my efforts to confer.  See emails attached at Exhibit 9.

I did not attempt to confer with the Defendant Tannenbaum, who filed the Notice of Removal purportedly *pro se,* because Tannenbaum is not *pro se* in this Court since he was represented by counsel in the State Court Action and the attorney who remains the attorney of record for him in the State Court Action, Jason Morgan, is a member of the Bar of the District of Massachusetts  and Attorney Morgan made no motion to withdraw from his representation of Mr. Tannenbaum either in the State Court Action or in this Court.

I conferred with Douglas Brooks, the attorney representing the only other Defendant in the State Court Action, Samantha Ory, and he stated that Ms. Ory takes no position on the motion for remand.


/s/ Joanne D'Alcomo
Joanne D'Alcomo

CERTIFICATE OF SERVICE

      I certify that on August 27, 2024, I electronically filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/ Joanne D'Alcomo
      Joanne D'Alcomo